# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

SHERRY A. BANKS,
Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
Defendant.

Case No. 1:14-cv-691
Beckwith, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff's motion for attorney fees and expenses under the Equal Access to Justice Act (EAJA) (Doc. 14), which is unopposed.

The EAJA provides for an award of attorney fees and costs to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). The EAJA provides:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

For its position to be substantially justified, the United States must show that it had a reasonable basis in law and in fact to undertake the challenged action. *Pierce v. Underwood*, 487 U.S. 552 (1988). Under the EAJA, substantial justification means the government's position was "justified in substance or in the main." *Id.* at 565. In other words, the Court must determine whether the government's position was justified in law and in fact to a degree that would satisfy

a reasonable person. *Id. See also Perket v. Sec'y of H.H.S.*, 905 F.2d 129, 132 (6th Cir. 1990); *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). It is the government's burden under the EAJA to prove that its position was substantially justified. *See Scarborough v. Principi,* 541 U.S. 401, 414-15 (2004).

In this case, plaintiff is the prevailing party and the position taken by the Commissioner was not substantially justified. The Court remanded the matter to the Commissioner for further administrative proceedings and a new decision pursuant to Sentence Four. Further, after careful review of the record, the Court finds no evidence of special circumstances to bar a fee award here. Accordingly, plaintiff's counsel is entitled to an award of EAJA fees for counsel's work conducted before this Court (i.e., the work in securing the remand).

Plaintiff has requested an award of EAJA fees and costs in the amount of $4,641.16, which represents $4,241.16 in attorney fees and $400.00 in costs. The Court finds the requested hourly rate of $183.60, adjusted for cost-of-living increases since enactment of the EAJA, and the 23.10 hours claimed by counsel for work performed on this case are reasonable. *See* 28 U.S.C. § 2412(d)(2)(A). The fee award is payable to plaintiff rather than plaintiff's counsel. *See Astrue v. Ratliff*, 560 U.S. 586, 598 (2010). *See also Renneker v. Astrue*, No. 1:10-cv-386, 2012 WL 12696, at *2 (S.D. Ohio Jan. 4, 2012) (Beckwith, J.) (noting that "assignment of an EAJA award executed in advance of any actual award, violates the Anti-Assignment Act, 31 U.S.C. § 3272," and that to make an award directly to the attorney before the Commissioner determines whether the plaintiff owes a pre-existing debt to the United States against which the EAJA fee award could be offset "would jeopardize the ability of the United States to collect such debts, if

2

any exist").[1] As the award of EAJA fees may be offset against any pre-existing debt plaintiff may owe to the United States, the fee award must be made to plaintiff and not to plaintiff's attorney.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion for an award of attorney fees and costs (Doc. 14) be **GRANTED** and plaintiff be awarded a total of **$4,641.16** in attorney fees and costs under the EAJA.

Date: 1/4/16

Karen L. Litkovitz
United States Magistrate Judge

---

[1] Plaintiff requests that the fee award be made payable to counsel after the fee award becomes final and it is determined that plaintiff does not have any outstanding debt for collection. (Doc. 14-2 at 5). Plaintiff alleges that the Supreme Court acknowledged in *Astrue* that the fee award may be payable to plaintiff's counsel after the fee award becomes final when, as here, there is a valid assignment of those fees. (Doc. 14-4 at 4, citing *Astrue*, 130 S.Ct. at 2528-29; Doc. 14-2 at 5, citing *Astrue*, 130 S.Ct. at 2529). In fact, the Supreme Court in *Astrue* expressly held that "a § 2412(d) fees award is payable to the litigant" and did not carve out an exception for a fee award in a case where the plaintiff has assigned her right to receive the fees to her attorney. *Astrue,* 560 U.S. at 589.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHERRY A. BANKS,
 Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
 Defendant.

Case No. 1:14-cv-691
Beckwith, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).